UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Oleksandr Krylov,<br><br>          Plaintiff<br>v.<br><br>NH Mountain LP f/k/a New Hampshire Ragged Mountain Resort Investment Limited Partnership<br><br>And<br><br>New Hampshire EB5 Regional Center LLC,<br><br>          Defendants | Docket No. _____ |

## COMPLAINT FOR DAMAGES

COMES NOW the Plaintiff, OLEKSANDR KRYLOV, by and through his undersigned attorneys, and files this Complaint for damages and demands a trial by jury against the Defendants, NH MOUNTAIN LP F/K/A NEW HAMPSHIRE RAGGED MOUNTAIN RESORT INVESTMENT LIMITED PARTNERSHIP and NEW HAMPSHIRE EB5 REGIONAL CENTER LLC, as follows:

### PARTIES

1. At all times material hereto, Plaintiff is a foreign individual who resides and is domiciled in the Ukraine, and is otherwise *sui juris*.[1]

---

[1] Please note that any reference in the attached documents to an address for Plaintiff in New York relates solely to the address for Plaintiff's prior attorney, Vladislav S. Sirota, who is an

2. Defendant NH MOUNTAIN LP F/K/A NEW HAMPSHIRE RAGGED MOUNTAIN RESORT INVESTMENT LIMITED PARTNERSHIP is a New Hampshire limited partnership with a principal office address of 14 Centre Street, Concord, New Hampshire, 03301. Based on information and belief, Defendant has no partners or members that reside in the Ukraine, and in fact, Defendant's general partner, New Hampshire EB5 Regional Center LLC, is a New Hampshire limited liability company with a principal office address of 14 Centre Street, Concord, New Hampshire, 03301. Defendant's registered agent in New Hampshire is Corporation Service Company, which is located at 10 Ferry Street, Suite 313, Concord, New Hampshire, 03301. **See Attachment A – Information from New Hampshire's Secretary of State.**

3. Defendant NEW HAMPSHIRE EB5 REGIONAL CENTER LLC, is a New Hampshire limited liability company with a principal office address of 14 Centre Street, Concord, New Hampshire, 03301. Defendant's registered agent in New Hampshire is Corporation Service Company, which is located at 10 Ferry Street, Suite 313, Concord, New Hampshire, 03301. **See Attachment A - Information from New Hampshire Secretary of State.**

## JURISDICTION AND VENUE

4. Jurisdiction is proper in this Court because the amount in controversy is greater than $75,000, and the Plaintiff is of different citizenship than the Defendants (including with respect to the general partner of Defendant NH Mountain LP f/k/a New Hampshire Ragged Mountain Resort Investment Limited Partnership).

---

attorney working at Sirota & Associates, P.C., located at 128 Brighton 11th Street, Second Floor, Brooklyn, New York 11235.

5. Venue is proper because Defendants are domiciled and reside in New Hampshire. Additionally, all of the acts and omissions complained of herein occurred and will continue to occur within the District that this Court sits.

## FACTUAL BACKGROUND

6. On or about January 8, 2016, Plaintiff submitted an I-526 petition through the United States Citizenship and Immigration Services ("USCIS").[2] The I-526 petition is an immigrant petition by an Alien Entrepreneur that results in the procurement of an EB-5 visa.

7. To properly apply for an EB-5 visa, a petitioner must establish, among other things, that he or she plans to spend a requisite minimum amount of capital in a commercial enterprise, that the capital was obtained by lawful means, that the commercial enterprise will create or preserve at least 10 full-time positions for qualifying employees, and the immigrant investor is or will be engaged in the management of the new commercial enterprise.

8. Many petitions, such as the one in question in this instant suit, involve association of multiple EB-5 investors with "Regional Centers." An EB-5 Regional Center is an organization designated by USCIS that sponsors capital investment projects for EB-5 investors.

9. At all times material hereto, Defendants constituted a Regional Center for EB-5 purposes.

10. On or about December 10, 2015, Plaintiff entered into an EB-5 Investor Joinder Agreement of Escrow Terms and a Subscription Agreement with Defendant NH Mountain LP f/k/a New Hampshire Ragged Mountain Resort Investment Limited

---

[2] USCIS File Number WAC1690254921. Plaintiff was represented by Vladislav S. Sirota, who is an attorney working at Sirota & Associates, P.C., located at 128 Brighton 11th Street, Second Floor, Brooklyn, New York 11235.

Partnership (collectively, the "Agreement"). Defendant New Hampshire EB5 Regional Center LLC, as the latter entity's general partner, executed the same on its behalf. **See Attachments B and C, respectively.**

11. As part of the Agreement, Plaintiff was required to pay Defendants $545,000 in exchange for a limited partnership interest in the Defendant NH Mountain LP f/k/a New Hampshire Ragged Mountain Resort Investment Limited Partnership. See id.

12. The Agreement also provided for, among other things, the return of Plaintiff's investment upon the occurrence of certain contingencies. For example, paragraphs 3 and 5 of the EB-5 Investor Joinder Agreement of Escrow Terms provide, in part, that:

> In the event [Plaintiff's] I-526 Petition is denied by USCIS or [Plaintiff] withdraws from [Defendant NH Mountain LP f/k/a New Hampshire Ragged Mountain Resort Investment Limited Partnership] prior to USCIS I-526 Petition approval or denial, the [Defendants] shall return to [Plaintiff] an amount equal to $545,000 USD less any escrow fees from the reserve account and cancel [Plaintiff's] Membership Unit with [Defendant NH Mountain LP f/k/a New Hampshire Ragged Mountain Resort Investment Limited Partnership] . . . Where the [Plaintiff's] I-526 is denied by USCIS or the [Plaintiff] withdraws from the [Defendant NH Mountain LP f/k/a New Hampshire Ragged Mountain Resort Investment Limited Partnership] prior to USCIS I-526 Petition final approval or denial, and the [Plaintiff] is entitled to a refund, the refund shall be made within ninety (90) days of receipt of the final written denial.

13. In conformance with the Agreement, the Plaintiff transferred to Defendants $545,000, and on December 18, 2015, Defendants issued a confirmation that the funds totaling $545,000 were received in Defendants' escrow account. **See Attachment D – Confirmation.**

14. On or about September 12, 2019, for reasons not relevant to this instant case and having no bearing on the causes of action and their sufficiency, Plaintiff withdrew his I-526 petition, and, pursuant to the terms of the Agreement, demanded Defendants to return the money that was invested. **See Attachment E – Notice of Withdrawal.**

15. On or about January 21, 2020, Plaintiff sent Defendants an affidavit that confirmed his withdrawal from the Defendant NH Mountain LP f/k/a New Hampshire Ragged Mountain Resort Investment Limited Partnership, and requested, pursuant to the terms of the Agreement, that all of the funds Plaintiff invested, amounting to $545,000, be returned to Plaintiff within 90 days.  **See Attachment F – Affidavit**.

16. Although more than 90 days have now passed, Defendants have failed and refused to return to Plaintiff any of the funds, despite a valid demand for their return. Thus, Defendants are wrongfully retaining Plaintiff's property.

17. Additionally, upon information and belief, the Defendants have withdrawn and spent the $545,000 that Plaintiff transferred to Defendants.

## COUNT I – BREACH OF CONTRACT

18. Plaintiff re-alleges and incorporates by reference all of the facts and allegations set forth above, making them a part of this Count as if fully set forth herein.

19. The parties entered into a valid contract: the Agreement. As part of the same, the Plaintiff agreed to – and did – pay the Defendants $545,000 in exchange for a limited partnership interest in Defendant NH Mountain LP f/k/a New Hampshire Ragged Mountain Resort Investment Limited Partnership. The Agreement also provided for the return of such money upon the occurrence of certain contingencies, including if the Plaintiff withdrew from the Defendant NH Mountain LP f/k/a New Hampshire Ragged Mountain Resort Investment Limited Partnership prior to his I-526 petition being approved or denied by USCIS.

20. As described above, Plaintiff's I-526 petition was withdrawn prior to USCIS approval or denial of the same, and Plaintiff subsequently withdrew from the Defendant NH

Mountain LP f/k/a New Hampshire Ragged Mountain Resort Investment Limited Partnership as evidenced by his affidavit.

21. Accordingly, pursuant to the explicit terms of the Agreement, Defendants were required to return to Plaintiff, within 90 days, the $545,000 that Plaintiff had paid.

22. Defendants have, however, breached the Agreement by failing and refusing to refund to Plaintiff any of such funds, despite Plaintiff's request for the same.

23. Defendants' breach of the Agreement resulted in pecuniary losses.

**WHEREFORE,** Plaintiff demands judgment against Defendants for damages in an amount of $545,000, plus attorney's fees and costs.

## COUNT II – BREACH OF FIDUCIARY DUTY

24. Plaintiff re-alleges and incorporates by reference all of the facts and allegations set forth above, making them a part of this Count as if fully set forth herein.

25. A breach of fiduciary duty occurs when a party commits or fails to commit actions that its duty requires.

26. Defendants, as escrow agents, had a fiduciary duty to safeguard the $545,000 that Plaintiff had deposited into Defendants' escrow account as part of the Agreement.

27. Defendants failed in that fiduciary duty because, upon information and belief, Defendants have withdrawn and spent the $545,000, failing to safeguard such funds.

**WHEREFORE,** Plaintiff demands judgment against Defendants for damages in an amount of $545,000, plus attorney's fees and costs.

## COUNT III – UNJUST ENRICHMENT

28. The Plaintiff re-alleges and incorporates by reference all of the facts and allegations set forth above, making them a part of this Count as if fully set forth herein.

6

29. The Defendants have been unjustly enriched by virtue of the fact that: (a) Defendants have failed and refused to return to Plaintiff the $545,000 that Plaintiff transferred to Defendants as part of the Agreement; and (b) upon information and belief, Defendants have withdrawn and spent the $545,000 that the Plaintiff had transferred to Defendants as part of the Agreement.

30. It would be unconscionable for the Defendants to retain the benefits of the money that Plaintiff had transferred to Defendants, while also not being required to comply with Defendants' obligations under the Agreement. In particular, the Defendants have benefitted monetarily given that they have a duty to return to Plaintiff the $545,000, but Defendants have failed and refused to do the same thus far.

31. It would be unjust for the Defendants to retain such benefits.

32. As a result of the Defendants' unjust enrichment, the Plaintiff has suffered and incurred damages, including costs and attorney's fees.

**WHEREFORE,** Plaintiff demands judgment against Defendants for damages in an amount of $545,000, plus attorney's fees and costs.

### COUNT IV – CONVERSION

33. The Plaintiff re-alleges and incorporates by reference all of the facts and allegations set forth above, making them a part of this Count as if fully set forth herein.

34. Pursuant to the Agreement, Plaintiff transferred to Defendants $545,000, and Defendants had a duty to safeguard the same. Moreover, Defendants had a duty to return such funds to the Plaintiff if the Plaintiff withdrew from the Defendant NH Mountain LP f/k/a New Hampshire Ragged Mountain Resort Investment Limited Partnership prior to his I-526 petition being approved or denied by USCIS.

35. As described above, Plaintiff's I-526 petition was withdrawn prior to USCIS approval or denial of the same, and Plaintiff subsequently withdrew from the Defendant NH Mountain LP f/k/a New Hampshire Ragged Mountain Resort Investment Limited Partnership as evidenced by his affidavit.

36. Accordingly, pursuant to the explicit terms of the Agreement, Defendants were required to return to Plaintiff, within 90 days, the $545,000 that Plaintiff had paid to Defendants.

37. Although more than 90 days have now passed, Defendants have failed and refused to return any such funds to the Plaintiff, despite Plaintiff's request for the same. Upon information and belief, the Defendants have withdrawn and spent the funds.

38. Accordingly, the Defendants have intentionally and wrongfully converted such funds for their own use, thereby seriously interfering with the Plaintiff's rights in the funds.

39. As a result of the Defendants' conversion of Plaintiff's property, the Plaintiff has suffered and incurred damages, including costs and attorney's fees.

**WHEREFORE**, Plaintiff demands judgment against Defendants for damages in an amount of $545,000, plus attorney's fees and costs.

Plaintiff demands a jury trial on all counts so triable.

WHEREFORE, the Plaintiff respectfully requests that this Court:

    A.    Grant judgment in favor of the Plaintiff on each of the Counts set forth above;

    B.    Award the Plaintiff appropriate damages, including interest, costs and attorney's fees; and

    C.    Grant such further relief as is just and equitable.

                Respectfully submitted,

                OLEKSANDR KRYLOV

                By his attorneys,

                WADLEIGH, STARR & PETERS, PLLC

Dated: September 2, 2020        By: /s/ Pierre Chabot
                                              Pierre Chabot, Esq., NH Bar #17606
                                              Stephen Zaharias, Esq., NH Bar #265814
                                              95 Market Street
                                              Manchester, NH 03101
                                              603-669-4140
                                              pchabot@wadleighlaw.com
                                              szaharias@wadleighlaw.com


                LAW OFFICES OF ANDRE G.
                RAIKHELSON, LLC[3]

                By: /s/ Andre G. Raikhelson
                Andre G. Raikhelson, Esq., FL Bar #123657
                301 Yamato Road, Suite 1240
                Boca Raton, FL 33431
                954-895-5566
                arlaw@raikhelsonlaw.com

---

[3] A Motion for Pro Hac Vice Admission is being submitted simultaneously with the within pleading.