UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

<u>Oleksandr Krylov,</u>

     v.                                              Civil No. 20-cv-928 -JL

<u>NH Mountain LP f/k/a New Hampshire</u>
<u>Ragged Mountain Resort Investment</u>
<u>Limited Partnership, et al.</u>

## **ORDER REGARDING SUBJECT-MATTER JURISDICTION**

       The court has reviewed the Defendants' recent submissions regarding the foreign citizenship of NH Mountain LP's limited partners.  <u>See</u> doc. nos. 40 and 41 (filed under seal). Based on those submissions, the court determines that it lacks subject-matter jurisdiction over this action and accordingly dismisses the action without prejudice.  <u>See</u> Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

       The Plaintiff's motion for leave to file an amended complaint (doc. no. 35) is denied as moot.  Once the court determines that it does not have subject-matter jurisdiction over the action, it cannot consider such a motion to amend because jurisdiction did not exist at the outset of the case or at the time the Plaintiff moved to amend.  <u>See</u>, e.g., Patrick v. Massachusetts Port Auth., 141 F. Supp. 2d 180, 183 (D.N.H. 2001) ("[I]f complete diversity was lacking when the action commenced, jurisdiction did not exist and cannot be corrected by subsequent events or amendment.") (citing Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 831-32 (1989)); <u>see</u> <u>also</u> Beattie v. Williams Companies, Inc., No. 16-1430-EFM-GEB, 2017 WL 3675100, at *3 (D. Kan. Aug. 24, 2017) ("[B]ecause the Court does not have subject matter jurisdiction, . . . Plaintiffs' attempt to allege an entirely new basis for subject matter jurisdiction is improper");

Sepehry-Fard v. Countrywide Home Loans. Inc., No. 13-CV-05769-BLF, 2014 WL 2707738, at *5 (N.D. Cal. June 13, 2014) ("Although leave to amend should be freely granted, a plaintiff cannot create jurisdiction by amendment where jurisdiction did not exist at the outset of a case."); Leonard J. Strandberg & Assocs. v. Misan Const. Corp., No. 08CV2939 SJF ETB, 2010 WL 1565485, at *5–6 (E.D.N.Y. Apr. 19, 2010) (no leave to amend where court did not have diversity jurisdiction over original complaint asserting only state law claims and plaintiff sought leave to add a federal civil RICO claim); Morongo Band of Indians v. Cal. St. Bd. of Equal., 858 F.2d 1376, 1380 (9th Cir. 1988) ("If jurisdiction is lacking at the outset, the district court has 'no power to do anything with the case except dismiss.'") (quoting 15 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 2844, at 332 (1986)).

The clerk shall enter judgment accordingly and close the case.

**SO ORDERED.**

_/s/ Joseph N. Laplante_
Joseph N. Laplante
United States District Judge

Dated:  October 28, 2021

cc:   Andre Raikhelson, Esq.
　　　Michael J. Tierney, Esq.
　　　Olesya Trayber, Esq.
　　　Bryan K. Gould, Esq.
　　　Callan E. Sullivan, Esq.
　　　Jason Gottlieb, Esq.
　　　Morgan Tanafon, Esq.